FILED

UNITED   STATE   DISTRICT   COURT
MIDDLE   DISTRICT   OF   FLORIDA
ORLANDO DIVISION CT 19  PM 3: 34

CASE NO:   MIDDLE DISTRICT COURT
DISTRICT OF FLORIDA
ORLANDO, FLORIDA

6:17-CV-1810- GRL- 18
YBS

DOUGLAS M. HURST and DEBORAH
JAYNE HURST, his wife,

    Plaintiff(s)

vs

UNITED STATE OF AMERICA,

    Defendant(s).

_____

### COMPLAINT FOR PERSONAL INJURIES PURSUANT TO
### THE FEDERAL TORT CLAIMS ACT

COMES NOW the Plaintiffs, Douglas M. Hurst and Deborah Jayne Hurst, his wife, and sue the Defendant, United States of America, and allege:

1. At all times material to this cause of action, the Plaintiff, Douglas M. Hurst, is an individual who is a citizen of the State of Florida.  The Plaintiff, Deborah Jayne Hurst, is his wife of many years.

2. That all times material to this cause of action, the Defendant, United States of America maintained a Veteran's Administration medical facility located at 13800 Veteran Way, Orlando, FL  32827-7403.

3. That at all times material to this cause of action the Veteran's Administration (V.A.) was and is a department, agency and/or subdivision of the Defendant, United States of America.  On or about November 5, 2015, Stanley Pace, M.D., was an ophthalmologist working for said VA facility and was in the course and scope of his employment.

4. On or about November 5, 2015, the Plaintiff, Douglas M. Hurst, was a patient at said V.A. medical facility.

5. This is an action for damages and is brought pursuant to the Federal Tort Claims Action, Sections 1346(b) and 2671-2680, title 28, United States Code.

6. Venue is property in this Court because all of the wrongful acts occurred in this judicial district in Orange County, Florida.

7. That the Defendant, United State of American, was put on notice by sending Notice of Claims on the appropriate forms provided by the United States of America. Copies of both claims are attached hereto as Composite Exhibit "A".  The Plaintiffs have complied with all other terms and conditions of the Federal Tort Claims Act.

8. Additionally, in an abundance of caution, the Plaintiffs have "pre-suited:" this medical malpractice case pursuant to Florida substantive law in the event this court determines that this was a pre-condition to the filing of this lawsuit.  This pre-suit process pursuant to Section 766, Florida Statutes, includes the obtaining of an affidavit from a Board Certified Ophthalmologist indicating that there was negligence on the part of the physician at the V.A. who treated to Plaintiff, Douglas M. Hurst, which resulted in damages to him.

9. United States of America has denied these claims.

10. There are no other related cases known.

11. On or about November 5, 2015, the Plaintiff, Douglas M. Hurst, was being treated at the subject V.A. facility for a cataract in his right eye.  On that date, Stanley Pace, M.D., who was an ophthalmologist working for the V.A., performed a cataract surgery procedure on Mr. Hurst, but unfortunately negligently and carelessly put the

intraocular lens in "upside down" causing injuries and damages as set forth below. This mistake required several follow-up procedures which have left the Plaintiff completely blind in his right eye. These damages were the result of the negligence of the health care providers working for the V.A. facility, including Dr. Pace.

12. The Defendant, United States of America, is vicariously responsible for the negligent acts of their employees, including Stanley Pace, M.D.

13. That as a direct and proximate result of the aforesaid negligence of the Defendant, United States of America, the Plaintiff, Douglas M. Hurst, suffered bodily injury, aggravation of existing disease or physical defect, significant scarring and/or disfigurement, and has incurred a significant loss of bodily functions, resulting in pain and suffering, disability, physical impairment, impairment of working ability, mental anguish, a loss of capacity for the enjoyment of life. All of said injuries are permanent within a reasonable degree of medical probability. Additionally, the Plaintiff has incurred medical expenses in the care and treatment of said injuries and continues to incur such expenses. Furthermore, the Plaintiff has sustained lost earnings and/or loss of ability to earn money in the past as well as in the future. The Plaintiff has also incurred other economic losses both past and future that are unrelated to medical treatment and lost income.

14. That as a direct and proximate result of the aforesaid negligence of the Defendant, the Plaintiff, Deborah Jayne Hurst, as wife of the Plaintiff, has in the past and will in the future undergo great expense for medical bills, hospital bills, doctors' bills and other directly and indirectly related expenses in an effort to cure her husband's injuries and alleviate her husband's suffering; and additionally, the Plaintiff has suffered

the loss of consortium services and companionship of her husband and will so suffer in the future as a result of her husband's injuries.

WHEREFORE, the Plaintiffs, Douglas M. Hurst and Deborah Jayne Hurst, sue the Defendant, United State of America, and demand judgment for damages and further request a trial by jury of all issues triable as a right by jury.

October _18_, 2017.

Respectfully submitted,

_____
John N. Hamilton, Esquire
NANCE, CACCIATORE, HAMILTON,
BARGER, NANCE & CACCIATORE
Fla. Bar No: 0333387
525 N. Harbor City Boulevard
Melbourne, FL  32935
(321) 777-7777
Attorneys for Plaintiff(s)
mail.service@nancelaw.com
cyndi@nancelaw.com
jack@nancelaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October _____, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice of electronic filing to the following:

4